[Civ. No. 36434. Second Dist., Div. Five. Feb. 24, 1971.]

HOTEL DEL CORONADO CORPORATION, Plaintiff and Appellant, v. STATE BOARD OF EQUALIZATION, Defendant and Respondent.

**COUNSEL**

Rubin Seltzer & Solomon and Michael L. Lapin for Plaintiff and Appellant.

Thomas C. Lynch and Evelle J. Younger, Attorneys General, Philip C. Griffin and Mark W. Jordan, Deputy Attorneys General, for Defendant and Respondent.

## OPINION

**FRAMPTON, J.*—**

### Preliminary Statement

The action below was brought by appellant Hotel Del Coronado (here-inafter Hotel) for a refund of sales tax imposed upon the sale by it of hotel furniture and fixtures, and other items of tangible personal property to HDC Company. The sales tax was assessed against, and was paid by Hotel. The only issue presented is whether the items sold by Hotel to HDC Company were subject to the sales tax applicable to retail sales. Judgment was rendered against Hotel and in favor of the State Board of Equalization (hereafter Board). Hotel has appealed from the judgment.

### Statement of Facts

The cause was submitted at trial upon a stipulation of facts in pertinent part as follows:

"The Hotel Del Coronado was and is located at 1500 Orange Avenue, Coronado, California. Plaintiff was authorized to do business in California on March 1, 1960, and purchased the Hotel in April of 1960. Plaintiff applied for a Seller's Permit for the Hotel, effective April 1, 1960. . . .

"A major remodeling was initiated by the plaintiff upon acquisition of the Hotel. As a result of the remodeling, property was taken out of the Hotel which in many cases had a value in excess of scrap value. This property included furniture, plumbing fixtures, light fixtures, drapes, rugs, and miscellaneous items.

"A salvage department was established by the plaintiff to handle the operation of selling the property taken from the Hotel. The property was stored at the Hotel or outside the Hotel on adjacent land pending the property's disposition. No separate corporation was established to handle the salvage sales, nor did the salvage department have any employees who were not also employed in the plaintiff's other operations. The plaintiff had one set of books; however, operations of each department including the salvage department were itemized separately on the corporate books in-cluding the plaintiff's sales journal.

"Plaintiff also engaged in other business operations at the Hotel. It carried on a restaurant and bar business, it rented rooms and furnished

*Retired judge of the superior court sitting under assignment by the Chairman of the Judicial Council.

services to Hotel patrons. In connection with its Hotel operation, it maintained a 'smoke shop' which sold tobacco and sundry items to Hotel patrons. The operations of the restaurant, bar, smoke shop and room rentals were each itemized separately on the plaintiff's corporate books, including the corporation's sales journals. The plaintiff also itemized steward's sales and ice and water sales on the corporate books.

"The plaintiff reported to the defendant in its sales tax returns total taxable sales from all operations, including sales from its salvage operations as follows:

| Calendar Quarter | Amount of Sales Reported |
|---|---|
| 2nd quarter of 1960 | $377,777.33 |
| 3rd quarter of 1960 | 564,440.54 |
| 4th quarter of 1960 | 326,842.51 |
| 1st quarter of 1961 | 363,483.80 |
| 2nd quarter of 1961 | 435,160.58 |
| 3rd quarter of 1961 | 516,569.05 |
| 4th quarter of 1961 | 475,111.30 |
| 1st quarter of 1962 | 373,150.30 |
| 2nd quarter of 1962 | 525,412.78 |
| 3rd quarter of 1962 | 520,250.21 |
| 4th quarter of 1962 | 395,582.35 |
| 1st quarter of 1963 | 404,708.39 |
| 2nd quarter of 1963 | 552,838.22 |
| 3rd quarter of 1963 | 608,234.00 |
| 4th quarter of 1963 | 233,475.49 |

"(Plaintiff's Tax Returns for the 2nd Quarter of 1960 through the 4th Quarter of 1963.)

"The amount of sales reported by the plaintiff for each type of operation, other than salvage operations, for the above calendar quarters are itemized on Exhibit 2, which is attached to this stipulation and is incorporated herein as if set forth in full.

"In regard to salvage operations, the plaintiff's sales journals listed certain sales of property taken from the Hotel as a result of the remodeling, which

sales were entered as salvage sales. The dates entered in the plaintiff's sales journals and the amounts relating to the entries were as follows:

| DATE | AMOUNT | |
|---|---|---|
| August 20, 1962 | $4,850.00 | (Items shown under |
| September 6, 1962 | 60.00 | 'AMOUNT' do not |
| September 10, 1962 | 1,975.00 | necessarily represent |
| October 16, 1962 | 450.00 | one sale, but may |
| November 8, 1962 | 100.00 | represent more than |
| November 13, 1962 | 3,252.00 | one sale.) |
| December 3, 1962 | 78,000.00 | |
| December 4, 1962 | 3,955.00 | |
| December 5, 1962 | 5,250.00 | |
| January 3, 1963 | 170.00 | |
| February 20, 1963 | 1,250.00 | |
| March 28, 1963 | 90.00 | |

The plaintiff reported on its tax returns as a part of its total sales for each pertinent calendar quarter, the amounts listed in its sales journals as salvage sales, except that the plaintiff did not report on its returns the entry of $78,000.00. This represented the sale of a used generator to the Hipodromo de Tijuana, Mexico, which was taken from the Hotel and which the defendant recognized as an exempt sale in foreign commerce.

"On October 7, 1963, the plaintiff sold its entire interest in the assets, fixtures, and property (including Hotel fixtures, furniture, equipment, and restaurant equipment and supplies) of the Hotel and adjacent real property to HDC Company, a California corporation. The Hotel was a going business at the time of sale.

"The defendant completed an audit of the plaintiff's records on July 1, 1964, and a Notice of Determination, dated August 17, 1964, was sent to the plaintiff stating that a deficiency in sales tax, plus interest, was due in the sum of $18,041.10. The plaintiff filed a Petition for Redetermination and on July 1, 1965, a hearing was held by the defendant on the plaintiff's petition. On December 6, 1965, the plaintiff received a Notice of Redetermination from the defendant reducing the previous determination to $11,325.15, which consisted of a tax in the sum of $10,158.16 and interest of $1,166.99 calculated to December 31, 1965. In issuing the Notice of Redetermination, the defendant allocated certain amounts to the plaintiff's sale of property to HDC Company as follows:

| ITEM | MEASURE OF TAX |
|---|---|
| Hotel fixtures, furniture, and equipment | $260,000.00 |
| Restaurant supplies and equipment | 87,295.00 |
| | $347,295.00 |

In addition to the above items, the defendant determined that the plaintiff under-reported sales in the sum of $1,031.00. The defendant also gave the plaintiff credit for $7,077.00, which represented certain exempt items previously reported as taxable by the plaintiff. The total amount of sales, upon which the tax in issue was determined, was $341,249.00.

"Defendant asserted a claim for sales tax predicated upon an additional determination of $253,954.00 ($260,000.00 [Hotel fixtures, furniture and equipment] plus $1,031.00 [under-reported sales] minus $7,077.00 [exempt items credit]), which resulted in an additional tax assessment to plaintiff of $10,158.16, plus interest. Plaintiff, therefore, seeks a refund of $11,325.15, representing the tax plus interest as set forth in the Notice of Redetermination Sales and Use Tax dated December 6, 1965 (a copy of which is attached as Exhibit A to the First Amended Complaint herein), plus interest accrued thereafter.

"The sole issue to be determined by the Court is whether the plaintiff's sale of Hotel fixtures, equipment and furniture to HDC Company, which resulted in an additional determination of more than $250,000.00 in the measure of tax, was an occasional sale within the meaning of Section 6006.5 of the Revenue and Taxation Code, and thus exempt from sales tax; or whether the sale was properly subject to the sales tax."

### Contention on Appeal

Based upon the foregoing facts, appellant urges that the trial court erred in concluding that the sale of assets by Hotel to HDC Company was one of a series of sales by appellant sufficient in number, scope and character to constitute an activity requiring the holding of a seller's permit by appellant.

### Discussion

It is well settled in the field of taxation that tax exemptions and deductions are solely a matter of legislative grace. (*Hetzel* v. *Franchise Tax Board,* 161 Cal.App.2d 224, 229 [326 P.2d 611].) As such, a tax exemption must be strictly construed against the taxpayer. (*Santa Fe Transp.* v. *State Board of Equal.,* 51 Cal.2d 531, 539 [334 P.2d 907]; *Alalunga Sport Fishers, Inc.* v. *County of San Diego,* 247 Cal.App.2d 663, 666 [55 Cal.Rptr. 875].)

Section 6051 of the Revenue and Taxation Code[1] provides in pertinent part that "For the privilege of selling tangible personal property at retail a tax is hereby imposed upon all retailers. . . ." The tax is levied upon the gross receipts from the retail sales of tangible personal property.

A "retail sale" is defined in section 6007 as ". . . a sale for any purpose other than resale in the regular course of business in the form of tangible personal property." There is no question here that the sale under consideration was not one for resale. It is clear that such sale was a retail sale.

Section 6015 defines a "retailer" as follows: " 'Retailer' includes: (a) Every seller who makes any retail sale or sales of tangible personal property, and every person engaged in the business of making retail sales at auction of tangible personal property owned by the person or others."

Section 6014 defines a "seller" as "every person engaged in the business of selling tangible personal property of a kind the gross receipts from the retail sale of which are required to be included in the measure of the sales tax."

Hotel was a "seller" under the foregoing definition because it was in the business of selling tangible personal property of the kind specified in section 6014, not only because it regularly sold inventory items in its restaurant and bar business, and other hotel activities, but also because it made a series of sales of capital items, including hotel furniture and fixtures. As a seller making sales at retail, Hotel became a retailer as defined in section 6015, and its sales at retail were subject to tax.

An alternative definition of "retailer" is found in section 6019 as follows: "Every individual, firm, copartnership [etc.] . . . making more than two retail sales of tangible personal property during any 12-month period, . . . shall be considered a retailer within the provisions of this part in his or its individual, firm, copartnership [etc.] . . . capacity." Hotel's activities qualified it as a retailer under this definition.

The exemption which is claimed here by Hotel is the occasional sale exemption as set forth in section 6367 as follows: "There are exempted from the taxes imposed by this part the gross receipts from occasional sales of tangible personal property and the storage, use, or other consumption in this state of tangible personal property, the transfer of which to the purchaser is an occasional sale."

Section 6006.5 defines an occasional sale as including "(a) A sale of property not held or used by a seller in the course of an activity for which

---

[1]Unless otherwise specifically noted, all code section references are to sections of the Revenue and Taxation Code as such sections read at the time the transactions herein occurred.

he is required to hold a seller's permit, provided such sale is not one of a series of sales sufficient in number, scope and character to constitute an activity requiring the holding of a seller's permit;

"(b) Any transfer of all or substantially all the property held or used by a person in the course of such an activity when after such transfer the real or ultimate ownership of such property is substantially similar to that which existed before such transfer. For the purposes of this section, stockholders, bondholders, partners, or other persons holding an interest in a corporation or other entity are regarded as having the 'real or ultimate ownership' of the property of such corporation or other entity."[2]

■ Hotel contends that it qualified for the occasional sale exemption under subdivision (a) of section 6006.5, and therefore, the sale of the tangible personal property to HDC Company was not a taxable sale. It is Board's position that the determinative factor is that Hotel sold tangible personal property which was used in the course of an activity requiring the holding of a seller's permit; and additionally, that the sale in question was one of a series of sales made by appellant sufficient in number, scope and character to require the holding of a seller's permit, and therefore, the occasional sale exemption would not be applicable to the sale in question.

Under circumstances somewhat similar to those presented here, it has been held that the fact alone that the last sale made was made in liquidation of a business is not such a distinction in the nature of the sale as to warrant an exemption if it would otherwise have been considered part of a series of sales sufficient in number, scope and character to constitute an activity requiring a seller's permit and subjecting it to the tax. (*U. S. Industries, Inc.* v. *State Board of Equalization,* 198 Cal.App.2d 775, 786-787 [18 Cal. Rptr. 171]; *Sutter Packing Co.* v. *State Bd. of Equal.,* 139 Cal.App.2d 889, 895-896 [294 P.2d 1083]; *Market St. Ry. Co.* v. *Cal. St. Bd. Equal.,* 137 Cal.App.2d 87, 96-99 [290 P.2d 20].) It has also been held that "While for reasons considered desirable [a] plaintiff corporation may departmentalize its business, it cannot by such process set up for tax purposes a distinction between the types or kinds of sales made by it where the effect would be to cause some of its sales to escape the tax aimed at all of such sales. Specific sales of a retailer cannot be segregated from the bulk of its sales and treated separately as isolated or occasional sales." (*N. W. Pac. R. R. Co.* v. *St. Bd. of Equalization,* 21 Cal.2d 524, 529 [133 P.2d 400].)

■ It is not required that the principal business activity of the taxpayer shall involve making retail sales of tangible personal property, if, in fact, the retail sales of tangible personal property made by the taxpayer are

---

[2]Subdivision (b) of section 6006.5 is not involved in this appeal.

sufficient in number, scope and character to make the taxpayer a retailer under the provisions of the Revenue and Taxation Code. (*N. W. Pac. R. R. Co.* v. *St. Bd. of Equalization,* 21 Cal.2d 524, 527-528 [133 P.2d 400]; *Market St. Ry. Co.* v. *Cal. St. Bd. Equal.,* 137 Cal.App.2d 87, 95-96 [290 P.2d 20].)

▮▮▮ In the case at bench, Hotel was engaged in the activity of making numerous sales at retail, and was, therefore, required to hold a retailer's permit. The property which was sold was held in an activity which required the holding of a seller's permit. Since section 6006.5 requires, in order to qualify for an exemption as an occasional sale, that the property sold not be held in an activity which required a seller's permit, the sale here under consideration was not exempt from taxation. Furthermore, the record discloses that the items of capital assets which were sold during the months prior to the sale here under consideration were of the same type of capital assets which were sold in the questioned sale. The prior sales exceeded two in number (§ 6019) which resulted in Hotel being deemed a retailer, thus requiring it to hold a seller's permit. The occasional exemption is not available if the sale in question was one of a series of sales sufficient in number (here, 12 salvage sales between August 20, 1962, and March 28, 1963), scope and character to require the holding of a seller's permit. Therefore, the occasional sale exemption was not available to Hotel, and the sale in question was properly taxed.

### Disposition

The judgment is affirmed. The State Board of Equalization of the State of California to have and recover its costs on appeal.

Stephens, Acting P. J., and Aiso, J., concurred.