[No. B008118. Second Dist., Div. Five. July 9, 1985.]

AMERICAN HOSPITAL SUPPLY CORPORATION,
Plaintiff and Respondent, v.
STATE BOARD OF EQUALIZATION, Defendant and Appellant.

**COUNSEL**

John K. Van de Kamp, Attorney General, Edmond B. Mamer and David S. Chaney, Deputy Attorneys General, for Defendant and Appellant.

Latham & Watkins, John F. Walker, Jr., and Albert R. Rodriguez for Plaintiff and Respondent.

OPINION

**FEINERMAN, P. J.**—This is an appeal from a judgment granting respondent, American Hospital Supply Corporation, a refund of sales taxes paid to appellant State Board of Equalization (Board) in connection with the sale of certain menus to hospitals. We have concluded that the trial court failed to apply the correct standard in determining whether the taxes were properly collected and find that under the appropriate standard, the Board should prevail.

The matter was tried on a stipulated set of facts, plus the testimony of one witness. Respondent sells various items to hospitals including a variety of menus, some reusable, some nonreusable. The sales which gave rise to the present lawsuit took place between April 1, 1974, and December 31, 1977. They involved paper menus described in the stipulated facts as follows: "The Menus typically measure 8½ × 14 inches. One side of the menu contains a decorative design and usually has an informative dietary message imprinted on it. The reverse side of the Menus contains three columns or sections designated 'breakfast,' 'luncheon,' and 'dinner.' The paper is perforated so that the sections can be easily separated. The three columns are imprinted with the food selections available for a particular day. [¶] The Menus are typically used in the following manner: the dietary department of the hospital sends out a Menu once a day which is delivered to the patient as part of the meal tray. The patient fills out the entire Menu which indicates his choices for three subsequent meals. This Menu is then collected by the dietary department when the meal is finished. The Menus are then separated into three separate parts representing the patient's choices for breakfast, lunch and dinner. The patient's directions given on each separate part are followed by the hospital kitchen in preparing the patient's meal. Each part of the Menu is then placed on the meal tray and served with the meal so that the patient can determine that he or she got what was ordered. When the meal is finished, the Menu becomes part of the refuse and is destroyed along with the other nonreusable items." The Board first asserted a right to collect taxes on the subject sales during a 1980 audit of respondent's tax returns.[1]

Revenue and Taxation Code section 6363.6 provides that "meals and food products" sold to hospitals for consumption by patients are exempt from sales taxes. The term "food products" is not defined in section 6363.6. Section 6359, which exempts "food products for human consumption" from

---

[1]No question is raised as to the timeliness of the Board's claim to the taxes.

sales taxes defines the term by enumerating food categories which it includes. All of the enumerated examples are actual foods. The Board, which is authorized by statute (Rev. & Tax. Code, § 7051) to adopt and enforce rules and regulations relating to the administration and enforcement of the sales tax, has promulgated regulation 1503 (Cal. Admin. Code, tit. 18, § 1503) which extends the exemption for meals and food products provided for in Revenue and Taxation Code section 6363.6 to "nonreusable items that become components of meals or food products so furnished or served, such as straws, paper napkins and carbonated beverages . . . ." Respondent contends that the menus in question fall within the purview of the exemption delineated in regulation 1503.

Respondent also seeks support for its position from Board regulation 1603, which provides: "Soufflé cups, straws, paper napkins, toothpicks and like items that are not of a reusable character which are furnished with meals or hot prepared food products are sold with the meals or hot prepared food products. Sales of such items for such purpose to persons engaged in the business of selling meals or hot prepared food products are, accordingly, sales for resale." Regulation 1603, by its terms, applies to "restaurants, concessionaires, hotels, boarding houses, soda fountains, and similar establishments." It is expressly made inapplicable to institutions defined in regulation 1503 and Revenue and Taxation Code section 6363.6 (to wit, hospitals). The trial court herein nonetheless found that regulation 1603 was in pari materia with regulation 1503. The Board did not contest the applicability of regulation 1603 below, but does now. The crux of the trial court's ruling, however, was that the menus in question were a "component" of the meals they accompanied, within the meaning of regulation 1503, and therefore exempt from sales taxes. While regulation 1603 may be illustrative of the scope of the exemption intended under regulation 1503, we do not find that it assists respondent's cause.

The Board argues that the items exempted from sales tax by regulation 1503 are all items which facilitate the service or consumption of meals, and that menus do not fall into that category. More particularly, the Board relies upon its own long-standing tax counsel ruling interpreting regulation 1503 contained in Business Taxes Law Guide Sales and Use Tax Annotation 300.0070, promulgated January 29, 1975. The ruling provides: "Menus purchased for use in a hospital's dietary department do not qualify for exemption under Regulation 1503 as a nonreusable item which 'become components of meals or food products . . . furnished or served to patients or inmates.'"

■ The Board correctly urges the following propositions: the burden is on the taxpayer claiming an exemption to show entitlement to the exemp-

tion. (Rev. & Tax. Code, § 6091.) Doubt as to the applicability of the exemption is to be resolved against the exemption. (*Estate of Simpson* (1954) 43 Cal.2d 594, 602 [275 P.2d 467, 47 A.L.R.2d 991]; *Sutter Hospital* v. *City of Sacramento* (1952) 39 Cal.2d 33, 39 [244 P.2d 390]; *Hotel Del Coronado Corp.* v. *State Board of Equalization* (1971) 15 Cal.App.3d 612, 617 [92 Cal.Rptr. 456].) ■ Administrative interpretation of a statute by the agency charged with its enforcement is entitled to great weight unless shown to be clearly erroneous or unauthorized. (*International Business Machines* v. *State Bd. of Equalization* (1980) 26 Cal.3d 923, 930-931 [163 Cal.Rptr. 782, 609 P.2d 1]; *Rivera* v. *City of Fresno* (1971) 6 Cal.3d 132, 140 [98 Cal.Rptr. 281, 490 P.2d 793].) ■ Interpretation of an administrative regulation, like interpretation of a statute, is a question of law which rests with the courts. However, the agency's own interpretation of its regulation is entitled to great weight. (*Culligan Water Conditioning* v. *State Bd. of Equalization* (1976) 17 Cal.3d 86, 93 [130 Cal.Rptr. 321, 550 P.2d 593].) ■ The Board's administrative determination that menus are nonexempt under Revenue and Taxation Code section 6363.6 or regulation 1503 may be overturned only if that determination is "arbitrary, capricious or without rational basis." (*Culligan Water Conditioning* v. *State Bd. of Equalization, supra,* 17 Cal.3d 86, 92.) It is according to these standards that we must resolve the issue before us.

The trial court apparently felt free to bypass these rules of construction because it found that no case "or regulatory rule" had interpreted the term "components of meals." It therefore based its ruling on a dictionary definition of the word "component." ■ While it is true that no Board regulation or rule sets forth a general definition of "components of meals," rule 300.0070 is clearly a "regulatory rule" that whatever else may be a component of a meal, a menu is not.

Respondent argues that because rule 300.0070 is not a formal Board regulation, it is not entitled to any presumption of correctness; that the ruling is merely an interpretation of a regulation asserted as the basis of the Board's litigating position; and that as such may be ignored by the court. Respondent relies upon *Culligan Water Conditioning* v. *State Bd. of Equalization, supra.* Our reading of that case, however, leads us to the opposite conclusion.

In *Culligan,* the agreed statement of facts included a declaration by an assistant chief counsel stating that the Board and its staff considered the type of transaction there involved to be subject to taxation. While declaring that even such an administrative "interpretation" was entitled to great weight, the court declined to follow it, pointing out that "it is clear from the record

that the basis of the assessment was not embodied in any formal regulation *or even interpretative ruling covering the water conditioning industry as a whole* . . . . Thus the 'position' taken by the Board with respect to plaintiff's exchange unit transaction was not the equivalent of a regulation *or ruling of general application but,* as the amicus points out to us and indeed as the very phraseology of the record indicates, was *merely its litigating position in this particular matter."* (*Culligan Water Conditioning* v. *State Bd. of Equalization, supra,* 17 Cal.3d 86, 92, 93, italics added.)

The situation herein is very different. In the case at bench, the Board has adopted a rule covering the hospital industry in general and menus in general. That ruling was not adopted as a litigating position vis-à-vis respondent, but antedated the Board's claim against respondent by more than five years. The ruling was in effect during three of the tax years which are the subject of the present lawsuit. Respondent's claim that it was unaware of the ruling until 1980 does not diminish the ruling's force.[2]

We therefore conclude that the interpretation of regulation 1503 contained in rule 300.0070 must prevail because it is neither "arbitrary, capricious or without rational basis" (*Culligan Water Conditioning* v. *State Bd. of Equalization, supra,* 17 Cal.3d 86, 92) nor is it "clearly erroneous or unauthorized" (*Rivera* v. *City of Fresno, supra,* 6 Cal.3d 132, 140). Menus, which merely facilitate the selection of food for preparation, are rationally distinguishable from straws, paper cups, and paper napkins or even from paper place mats and souffle cups which facilitate the sanitary service and consumption of foods. It is not arbitrary for the Board to treat all menus uniformly for tax purposes, regardless of whether they are disposable or not. The mere fact that the hospitals which use respondent's disposable menus choose to return them on the patient's tray with the meal to which they relate, rather than disposing of them in the hospital kitchen after the meal is assembled, does not convert the menus into component parts of the meals as a matter of law.

Finally, respondent argues that the Board may not adopt an administrative interpretation of a statute which conflicts with the legislative intent of the statute; that the intent of Revenue and Taxation Code section 6363.6 is to keep down the costs of hospitalization; and that excluding menus from the

---

[2]Ironically, while downgrading the weight to be given rule 300.0070, respondent seeks to draw support from another such rule (Business Taxes Law Guide Sales and Use Tax Annotation 550.0440) which provides that paper place mats sold to a restaurant for the individual use of a single patron are in the same category as paper napkins. Whatever weight is given to rule 300.0070, since it pertains to the precise item at issue, it is obviously more persuasive than rule 550.0440 which is relevant by analogy only.

exemption defeats that purpose. The Board contends that the purpose of the statute is to accord the same tax treatment to prepared food products served in hospitals as is accorded to unprepared food products under Revenue and Taxation Code section 6359. This contention is rooted in the fact that hospital patients do not have the option of purchasing and preparing their own food. Regardless of the extent to which reduction of hospital costs may have motivated the Legislature to enact Revenue and Taxation Code section 6363.6, the cost to patients of excluding the subject menus from the exemption is so minor as to have no effect whatever on that policy. The menus in question range in price from 4 to 7 cents each. Thus, if the sales tax were passed on to patients, it would add less than a penny a day to the cost of a hospital stay. The fact that the Legislature has not seen fit to amend the statute to abrogate the effect of rule 300.0070 in the 10 years since its adoption is further evidence that the rule does not conflict with the legislative intent.

The judgment is reversed.

Hastings, J., and Eagleson, J., concurred.