[No. A034744. First Dist., Div. Four. Apr. 9, 1987.]

FRAMINGHAM ACCEPTANCE CORPORATION, Plaintiff and
Appellant, v.
STATE BOARD OF EQUALIZATION, Defendant and Respondent.

---

COUNSEL

V. James Jackl and Belzer, Jackl, Katzen, Hulchiy, Murray & Balamuth for Plaintiff and Appellant.

John K. Van de Kamp, Attorney General, Timothy G. Laddish and Richard F. Finn, Deputy Attorneys General for Defendant and Respondent.

---

OPINION

ANDERSON, P. J.—Following an adverse determination by the State Board of Equalization (respondent or the Board), the Framingham Acceptance Corporation (appellant) brought an action under Revenue and Taxation Code[1] section 6933 to recover sales taxes paid under protest. The case went to trial on stipulated facts which are as follows: appellant leased equipment that it had purchased "tax paid" (§ 6006, subd. (g)(5)) to a customer (hereafter Buyer) for a term of 84 months with payments set at $1,810 per month. Simultaneously, it executed an agreement allowing Buyer to purchase

---

[1]Unless otherwise indicated, all further statutory references are to the Revenue and Taxation Code.

the equipment for $9,000 " 'after completion of the rental payments under the lease.' " Buyer decided it wanted the equipment after 52 months (in Mar. 1980) so appellant sold it for the originally agreed price of $9,000 plus "$48,532.00 consisting of the unpaid rental receipts balance of $56,110.00 less an unearned finance charge of $7,578.00." The Board determined that sales tax was due on the entire $57,532 paid by Buyer rather than on only the first $9,000, as argued by appellant.

The trial court found "that the amount paid [after 52 months] for the transfer of title in question did not constitute lease payments but was sales price and is taxable as such . . . ." It therefore entered judgment in favor of the Board. Appellant argues that this determination is unsupported by the law. We disagree and affirm.

Until January 1, 1987, tangible personal property sold at retail was subject to a 4¾ percent state sales tax. (Former § 6051; see Stats. 1986, ch. 308, § 3; Cal. Const., art. IV, § 8.) If a merchant paid sales tax on goods and then *rented* or *leased* them in substantially the same form as he acquired them, however, the payments which ensued were not considered sales and nothing was owed. (§ 6006, subd. (g)(5)); (Cal. Admin. Code, tit. 18, Reg. 1660.) █ Appellant's principal contention is that the "sale" which took place was actually a modification of the lease agreement which shortened its term and, in proportion, increased the amount of the final payment. Therefore, under the law the sales price remained at $9,000 and only this amount could be taxed.

█ Where the Board has interpreted a statute which it is charged with enforcing its construction is entitled to great weight and respect unless shown to be clearly erroneous. (*International Business Machines* v. *State Bd. of Equalization* (1980) 26 Cal.3d 923, 930-931, fn. 7 [163 Cal.Rptr. 782, 609 P.2d 1]; *American Hospital Supply Corp.* v. *State Bd. of Equalization* (1985) 169 Cal.App. 3d 1088, 1092 [215 Cal.Rptr. 744].) █ Moreover, statutes creating exemptions from taxation are to be strictly construed against the taxpayer, any doubt being resolved against the right to exemption. (*Santa Fe Transp.* v. *State Board of Equal.* (1959) 51 Cal.2d 531, 539 [334 P.2d 907]; *Standard Oil Co.* v. *State Bd. of Equalization* (1974) 39 Cal.App.3d 765, 769 [114 Cal.Rptr. 571].)

█ Given these standards there is ample support for the trial court's decision. It is clear that for whatever reason, in March of 1980 Buyer decided it wanted to own the equipment outright rather than lease it for the remaining 32 months. The resulting contract for sale necessarily terminated the original lease agreement and brought about a redetermination of the value of the goods. If, as appellant sometimes implies, the amount paid in

excess of $9,000 was merely prepayment of the remaining rent due, the Buyer could not have *taken title* to the equipment until almost three years after the transaction. Appellant's alternative theory, that Buyer simply agreed to pay $48,532 rent during his last month in order to accelerate the lease, is ingenuous under these circumstances.

The judgment is affirmed.

Poché, J., and Sabraw, J., concurred.