TO BE PUBLISHED IN THE OFFICIAL REPORTS

OFFICE OF THE ATTORNEY GENERAL
State of California

DANIEL E. LUNGREN
Attorney General

_____

|  |  |  |
|---|---|---|
| OPINION | : | |
| | : | No. 96-1206 |
| of | : | |
| | : | March 19, 1997 |
| DANIEL E. LUNGREN | : | |
| Attorney General | : | |
| | : | |
| GREGORY L. GONOT | : | |
| Deputy Attorney General | : | |
| | : | |

_____

THE HONORABLE KERRY MAZZONI, MEMBER OF THE CALIFORNIA STATE ASSEMBLY, has requested an opinion on the following question:

Are charter schools subject to the building safety requirements of the Field Act?

CONCLUSION

Charter schools are subject to the building safety requirements of the Field Act only if the requirements are set forth in their charter petitions.

ANALYSIS

The question presented for resolution concerns the relationship between two statutory schemes. One establishes standards and procedures for ensuring the safety of school buildings and their occupants and is known as the Field Act (Ed. Code, §§ 39140-39159, 39210-39232, 81130-81147.) **Footnote No. 1** The other provides for the creation and the operation of charter schools and is known as the Charter Schools Act of 1992 (§§ 47600-47625; "CSA"). We are asked whether the Field Act's requirements are applicable to charter schools. We conclude that the requirements are applicable if a school's charter petition so specifies.

1.        The Field Act

The Field Act was enacted in 1933 to establish "reasonable minimum standards for the design and construction of new school buildings . . . ." (§ 39210, subd. (a).) The legislation was passed "as a direct result of a series of earthquakes" (47 Ops.Cal.Atty.Gen. 163, 164 (1966)) to protect "the safety of the pupils, the teachers and the public." (67 Ops.Cal.Atty.Gen. 55, 56 (1984); 54 Ops.Cal.Atty.Gen. 45, 47 (1971); see also 56 Ops.Cal.Atty.Gen. 572, 574 (1973); 26 Ops.Cal.Atty.Gen. 75, 76 (1955).) The chief objective of the Field Act is to insure that public school buildings within the state are constructed or remodeled so as to resist, insofar as possible, damage by earthquake. (26 Ops.Cal.Atty.Gen., *supra*, 76.)

In addition to establishing building standards for the construction and alteration of school buildings, the Field Act provides for a rigorous inspection process. Section 39140 states in part:

"The Department of General Services under the police power of the state shall supervise the design and construction of any school building or, if the estimated cost exceeds twenty thousand dollars ($20,000), the reconstruction or alteration of or addition to any school building, to ensure that plans and specifications comply with the rules and regulations adopted pursuant to this article and building standards published in Title 24 of the California Code of Regulations, and to ensure that the work of construction has been performed in accordance with the approved plans and specifications, for the protection of life and property."

2.      The CSA

The CSA authorizes the addition of charter schools to the public education system in this state. The nature and purposes of charter schools are expressed in section 47601:

"It is the intent of the Legislature, in enacting this part, to provide opportunities for teachers, parents, pupils, and community members to establish and maintain schools that operate independently from the existing school district structure, as a method to accomplish all of the following:

"(a) Improve pupil learning.

"(b) Increase learning opportunities for all pupils, with special emphasis on expanded learning experiences for pupils who are identified as academically low achieving.

"(c) Encourage the use of different and innovative teaching methods.

"(d) Create new professional opportunities for teachers, including the opportunity to be responsible for the learning program at the school site.

"(e) Provide parents and pupils with expanded choices in the types of educational opportunities that are available within the public school system.

"(f) Hold the schools established under this part accountable for meeting measurable pupil outcomes, and provide the schools with a method to change from rule-based to performance-based accountability systems."

The establishment of a charter school is initiated by the circulation of a petition among the teachers of a school district and the petition's submission to the governing board of the district for review. (§ 47605, subd. (a).) After a public hearing, the district board may grant or deny the charter. (§ 47605, subd. (b).) If upon reconsideration, the district board denies the charter, the matter may be appealed to the county board of education, which is empowered to grant the charter. (§ 47605, subd. (j).)

The petition for a charter school must describe various items, including the educational program of the school (§ 47605, subd. (b)(1)), the "governance structure of the school" (§ 47605, subd. (b)(4)), and "[t]he procedures that the school will follow to ensure the health and safety of pupils and staff" (§ 47605, subd. (b)(6)). In addition, subdivision (g) of section 47605 provides:

"The governing board [of the district] may require that the petitioner or petitioners provide information regarding the proposed operation and potential effects of the school, including, but not limited to, the facilities to be utilized by the school, the manner in which administrative services of the school are to be provided, and potential civil liability effects upon

the school and upon the school district."

A charter may be granted for a period not to exceed five years and may be renewed at intervals not exceeding five years. (§ 47607, subd. (a).) Material revisions of a charter require approval of the authority that granted the charter (*ibid*), and a charter may be revoked only for statutorily specified reasons (§ 47607, subd. (b); see 78 Ops.Cal.Atty.Gen. 253, 258-259 (1995)).

3.          Applicability of the Field Act to Charter Schools

By its terms, the Field Act governs school districts in the design and construction of school buildings. (See *Hall* v. *City of Taft* (1956) 47 Cal.2d 177, 187.) Does it, however, govern the design and construction of the buildings of a charter school?

In answering this question, we rely upon well-established principles of statutory interpretation. "The fundamental objective of statutory interpretation is to ascertain and effectuate the legislative intent. [Citation.] In determining such intent we look first to the words of the statute themselves, giving them their usual and ordinary meaning. [Citation.]" (*City of Santa Cruz* v. *Municipal Court* (1989) 49 Cal.3d 74, 90.) "If a statute's language is clear, then the Legislature is presumed to have meant what it said, and the plain meaning of the language governs." (*Kizer* v. *Hanna* (1989) 48 Cal.3d 1, 8.) "The court may not speculate that the Legislature meant something other than it actually said." (*Victoria Groves Five* v. *Chaffey Joint Union High Sch. Dist.* (1990) 225 Cal.App.3d 1548, 1554.)

Here, the Legislature has addressed whether laws generally applicable to school districts are applicable to charter schools. Section 47610 provides: "A charter school shall comply with all of the provisions set forth in its charter petition, but is otherwise exempt from the laws governing school districts except as specified in Section 47611 and 41365." Section 47611 authorizes a charter school to participate in the State Teacher's Retirement System. Section 41365 allows charter schools that are not conversions of existing schools to obtain loans from the state upon approval of the Superintendent of Public Instruction.

Accordingly, the Field Act requirements are applicable to a charter school if they are "set forth in its charter petition." (§ 47610.) If the Field Act standards are not required by the charter petition, the charter school is exempt from the standards, as it is from all "laws governing school districts except as specified in Sections 47611 and 41365."

We have examined in detail the legislative history of the CSA. It fully supports our conclusion that the Field Act requirements must be specified in the charter petition to be applicable to a charter school. For example, the report of the Senate Rules Committee dated June 2, 1992, states that the legislation "[r]equires charter schools to comply with all the provisions in its charter petition, but otherwise exempts these schools from the laws governing school districts." The report of the Assembly Committee on Education dated June 24, 1992, states that the proposed legislation would "[e]xempt charter schools from all laws pertaining to school districts except those provisions set forth in the charter petition and those requirements outlined in 2) above," with the latter specifying that the proposed legislation would "[r]equire charter schools to (1) be nonsectarian and (2) to comply with the statewide pupil assessment program; prohibit charter schools from (1) charging tuition, (2) determining admission based upon a pupil's residence, and (3) discriminating against pupils on the basis of ethnicity, national origin, gender, or disability." The report of the Assembly Ways and Means Committee Republican Analysis dated August 19, 1992, refers "to the exemption for charter schools from `virtually all Education Code provisions and State Department rules and regulations.'" As explained in *O'Brien* v. *Dudenhoeffer* (1993) 16 Cal.App.4th 327, 334: "`Statements in legislative committee reports concerning the statutory purposes which are in accordance with a reasonable interpretation of the statute will be followed by the courts. It will be presumed that the Legislature adopted the proposed legislation with the intent and meaning expressed in committee reports.' [Citation.]"

Finally, we note that the Department of General Services, the state agency responsible for

Finally, we note that the Department of General Services, the state agency responsible for administering the Field Act (§ 39140), issued Policy No. 94-19 (86) on December 14, 1994, stating "that charter schools, referenced in Education Code Sections 47600-47616, are not subject to the plan review requirements of the Field Act (see Section 47610)." As found by the Court of Appeal in *American Hospital Supply Corp* v. *State Bd. of Equalization* (1985) 169 Cal.App.3d 1088, 1092: "Administrative interpretation of a statute by the agency charged with its enforcement is entitled to great weight unless shown to be clearly erroneous or unauthorized."

We have previously indicated that a charter petition is to set forth "[t]he procedures that the school will follow to ensure the health and safety of pupils and staff." (§ 47605, subd. b)(6).) Specifying compliance with the requirements of the Field Act would be one appropriate procedure to accomplish such goals.

We conclude that charter schools are subject to the building safety requirements of the Field Act only if the requirements are set forth in their charter petitions.

\* \* \* \* \*

**Footnote No. 1**
All undesignated section references herein are to the Education Code.